PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7325

WRITER'S DIRECT FACSIMILE
(202) 204-7397

WRITER'S DIRECT E-MAIL ADDRESS
kshanmugam@paulweiss.com

April 14, 2023

**VIA ELECTRONIC FILING**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

    Re:    *United States* v. *Fortenberry*, No. 22-50144
            (not yet scheduled for oral argument)

Dear Ms. Dwyer:

    The government's unorthodox letter of March 27 disputes a statement in Congressman Fortenberry's reply brief: that the government's continuing-offense theory is a "new" theory of venue on appeal. The Congressman submits this brief response.

    *First*, the government contends that it raised the continuing-offense theory below, in response to the Congressman's motion to dismiss the indictment. The government's response raised its effects-based theory. It also added that the government planned to raise the continuing-offense theory "[a]t trial," as an "*additional* ground establishing venue." D. Ct. Dkt. 18, at 18. The government acknowledged that the continuing-offense theory was beyond the scope of the indictment and motion, *id.*, and the district court expressly declined to consider it, 1-ER-71. The government never followed through with its stated plan to raise the continuing-offense theory at trial.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

*Second*, the government correctly admits that its dispute is "not material." U.S. Letter 1. The Congressman's reply brief cited *United States* v. *Moran-Garcia*, 966 F.3d 966, 969 (2020), which sets forth a stringent standard of review where the "government argues a new theory of venue on appeal, one it did not urge at trial." The stringent standard applies, the Court explained, because "taking venue away from the jury" is erroneous. *Id.* Read in context, a "new" venue theory is one that was not raised *at trial*. The government's letter does not dispute the proposition that the "government did not raise a continuing-offense theory of venue at trial," Reply Br. 10, nor that the *Moran-Garcia* standard applies on appeal.

*Third*, the government concedes that "the particular legal theory makes no difference to the jury instruction." U.S. Letter 1. The district court instructed the jury that venue was proper where the statements were "capable of having an effect," 8-ER-1930, and said nothing about continuing conduct or continuing offenses. The government's letter thus supports the Congressman's argument (Reply Br. 11) that the continuing-offense theory "repackages" the effects-based theory. To the extent the government suggests that its continuing-offense theory is not "new" because it is the same as its effects-based theory, that would leave the government with only one venue theory.

Respectfully submitted,

/s/ Kannon K. Shanmugam
Kannon K. Shanmugam

cc:    Counsel of record (via electronic filing)